

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Frank D. Quinn
Executive Secretary
Texas State Parks Board
Austin, Texas

Dear Sir:

Opinion No. 0-1887
Re: Power and authority of Brazos
River Conservation and Reclama-
tion District to execute deed,
and authority of Texas State Parks
Board to accept title to certain
land owned by the former.

We are in receipt of your letter of January 23, 1940,
wherein you request the opinion of this department upon the
following two questions:

"1. Does the Brazos River Conservation and
Reclamation District have the power and authority
to execute this deed (deed submitted with the
request) to the Texas State Parks Board?

"2. Does the Texas State Parks Board have the
authority to accept this deed from the Brazos River
Conservation and Reclamation District?"

The instrument referred to is a general warranty deed
whereby the District seeks to convey to the Parks Board some
3012.08 acres of land in Palo Pinto County for a recited con-
sideration of "Ten Dollars and other good and valuable consid-
eration." We have been informed that no actual cash consider-
ation will pass between the parties.

The title which the District would convey by the
deed is a determinable fee, by virtue of the recitals in the
deed to the effect that if the Parks Board fails or ceases to
use the land for park purposes, title to such land is to re-
vert back to the grantor. The district retains full control

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of the waters passing through the land, as well as the right to overflow all or any part of the conveyed land without liability to the grantee. The deed also recites that the District retains title to one-half of such interest as it has in the minerals in and under the land.

The Brazos River Conservation and Reclamation District is a state agency, in the nature of a quasi-public corporation, created and employed by the State for the purpose of carrying out the duty of the State to control, conserve and develop the waters of the Brazos River and to conserve and reclaim lands affected by its floods. It is a component part of the State and derives all of its power and authority by delegation from the State. See Acts 1929, 41st Leg., 2nd C.S., Sp. L., p. 22, Ch. 13; Article 7466 (R.C.S. 1925); 37 Tex. Jur. 865, Sec. 65; Lower Colorado River Authority v. McCraw, 125 Tex. 268.

Like similar subordinate State Agencies, such as counties, townships, and school districts, it has no powers or duties except those which are clearly set forth and defined by the Constitution and statutes of the State. Edwards County v. Jennings, (Civ. App., 1895), 33 S.W. 585; Stratton v. Commissioners' Court (Civ. App., San Antonio, 1911), 137 S.W. 1170; 11 Tex. Jur. 563, sec. 36; 1 Dillon Muni. Corps., Sec. 25. Any ambiguity or reasonable doubt as to the existence of a power in such a district is to be resolved against the existence of such power.

Unless specifically authorized by the Constitution or Statutes, such State agencies have no power or authority to convey any of the property acquired by them for the purposes of carrying out the duties delegated to them. When authorized by statute to convey such property, they must do so strictly in the manner provided. Crouch v. Posey, (Civ. App., 5th Dist., 1902), 69 S.W. 1001; 37 Tex. Jur. 950, Sec. 81.

Whatever power or authority the Brazos River Conservation and Reclamation District has to dispose of any of its property, is derived from Chap. 368, Acts 1935, 44th Leg., 1st C.S., p. 1527, which amends Chap. 3, Acts 1934, 43rd. Leg. 4th C.S. and Sec. 3 of Chap. 19, Acts 1935, 44th Leg., Reg. Session.

Section 12 of this Act reads as follows:

"Nothing in this Act shall be construed as authorizing the district (Brazos River Conservation and Reclamation District), and it shall not be authorized to mortgage, or otherwise encumber any of its property

Hon. Frank D. Quinn, Page 3

of any kind, real, personal, or mixed, or any interest therein, or to acquire any such property or interest subject to a mortgage or conditional sale, provided that this section shall not be construed as preventing the pledging of the revenues of the district as herein authorized. Nothing in this Act shall be construed as authorizing the sale, release or other disposition of any such property or interest by the district, or any receiver of any other district property, or through any court proceedings, or otherwise; provided, however, that the district may sell for cash any such property or interest in an aggregate value not exceeding the sum of One Hundred Thousand ($100,000.00) Dollars in any one year if the Board by affirmative vote of eleven (11) of its members shall have determined that the property or interest is not necessary to the business of the district, and shall have approved the terms of any such sale, <u>it being the intention of this Act that except by sale as in this section expressly authorized, no such property or interest shall ever come into the ownership or control, directly or indirectly, of any person, firm or corporation other than a public authority created under the laws of the State of Texas.</u> All property of the district shall be at all times exempt from forced sale, and nothing in this Act contained shall authorize the sale of any of the property of the district under any judgment rendered in any suit and such sales are hereby prohibited and forbidden." (Underscoring ours.)

Undoubtedly, under the provisions of this section the District could not convey any of its land to private persons, firms or corporations except upon the express terms and under the express conditions therein set out. Such a conveyance would divest the State of its title.

May the District dispose of its property by giving it to another State agency? Such a power, if it exists in the District, must be found in the provisions of the statute quoted above. It is apparent that such authority is not expressly and clearly granted. If it exists, it must be by implication, from a construction of the portion of the quoted statute which reads:

"...it being the intention of this Act that except by sale as in this section expressly authorized, no such property or interest shall ever come into the ownership or control, directly or indirectly, of any person, firm or corporation <u>other than a public authority</u> created under the laws of the State of Texas." (Underscoring ours)

The language quoted appears to us to be intended by the Legislature, not as a grant of power, but as a restriction or limitation. In our opinion, the language quoted is not sufficiently specific to confer the power upon the District to dispose of its property by giving it to another State agency, as against the positive and unequivocal language found in the same paragraph of the Act that "nothing in this Act shall be construed as authorizing the sale, release or other disposition of any such property or interest by the district."

It is to be observed that the provisions limiting the value of property which may be sold in any one year and requiring eleven members of the governing body of the District to determine, prior to such sale, that the property is not necessary to the business of the District, apply only to sales. A construction permitting the District to exercise the power of disposing of its property by giving it to another State agency would impute to the Legislature the intent to vest in the Board of Directors of the District the powers to transfer property of the District by gift to another State agency by a simple majority vote of its members, without reference to the aggregate value of the property thus disposed of in any one year and without regard to the question whether such property is necessary to the business of the District.

In view of the care with which the Legislature has provided restrictions upon the "sale" of property of the District, it is not reasonable to presume that it intended that the power to give property of the District to other State agencies, without restrictions upon the manner of its exercise, should be possessed by the managing board of the District.

In our opinion, there is, to put it mildly, ambiguity or reasonable doubt as to the power of the District to dispose of its property by gift to another State agency. Such ambiguity or reasonable doubt must be resolved against the existence of the power. Your question Number 1 is therefore answered in the negative, which answer renders unnecessary an answer to your second question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

RWF:PP   APPROVED MAY 15, 1940   By   *R.W. Fairchild*

*Grace B. Mann*

ATTORNEY GENERAL OF TEXAS

R. W. Fairchild
Assistant

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN